IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:23CR490 SRC/RHH |
| ) | |
| SANEL SAMJLOVIC, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR PRE-TRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nathan Chapman, Assistant United States Attorneys for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

### INTRODUCTION

The defendant is charged with offenses involving a minor victim, specifically Title 18, United States Code, Section 2251 (production of child pornography). Accordingly, a rebuttable presumption arises pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. Pursuant to Title 18, United States Code, Section 3142(g), the nature of the allegations against the defendant, the

1

weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release additionally warrant the defendant's detention pending trial.

**BACKGROUND**

The U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") investigates individuals who provide access to pre-produced child sexual abuse material, and live-streaming online webcam shows involving the sexual abuse of children to paying customers worldwide. This growing transnational child-sexual-abuse industry includes child sex traffickers in, among other places, the Philippines, who collect viewership fees from vetted customers scattered throughout the world. Paying customers often request that these child sex traffickers provide pre-recorded depictions of minors engaging in sexually explicit conduct, or sexually abuse minors in real time during private webcam interactions on a variety of streaming video services and applications, including Skype.

According to HSI, it is common for such traffickers in the Philippines and elsewhere to communicate with many individuals who pay for access to such material. It is also common for the paying customers to be communicate with multiple traffickers who sell access to similar material over the internet. These individuals often use a variety of money service businesses to pay the traffickers or associates of the traffickers for access to this material, including Western Union, WorldRemit, MoneyGram, PayPal, Xoom, and Remitly.

In 2021, HSI identified an individual (hereinafter referred to as the "TRAFFICKER") operating a child-sex-trafficking network from the Philippines. Based on their investigation, HSI learned that the TRAFFICKER provided access through the TRAFFICKER's Skype account, to

2

visual depictions of one or more minors engaging in sexually explicit conduct in exchange for money.

In March of 2022, HSI obtained records pertaining to the Skype account used by the TRAFFICKER. In response, Microsoft provided HSI with information associated with that account in June of 2022. The information provided by Microsoft revealed chat content between the TRAFFICKER and the defendant, Sanel Smajlovic. Specifically, according to Skype records, TRAFFICKER and the defendant communicated from at least October 25, 2017, to July 9, 2019. During such time, TRAFFICKER and the defendant exchanged 116 messages, including one picture message, and made four phone calls, two of which connected with a total duration of 379 seconds.

For example, on October 25, 2017, the defendant messaged TRAFFICKER, "what girls u have?" to which TRAFFICKER responded, "11." The defendant asked, "can I see the 11?" which prompted the TRAFFICKER to send a picture message depicting a clothed pre-pubescent female appearing of Southeast Asian origin in the background behind an older female who appears to be operating the camera. TRAFFICKER then stated, "her mom said pay 1st." In a later exchange on December 5, 2017, the defendant asked TRAFFICKER "what age you have?" To which TRAFFICKER responded, "10." A call is started, and TRAFFICKER messaged, "do u see her" and the defendant responded, "yes I see her but I already(sic) see that girl before from other id lol." The defendant asked, "you have other? younger? or no?" TRAFFICKER answered "i have girls but no young, no other young." The defendant responded, "im looking younger hehe" and the call ended after 79 seconds. In yet another exchange, on October 4, 2018, the defendant asked TRAFFICKER, "u have young girls there?" TRAFFICKER responded that he had one 14-year-old and the defendant responded, "I like younger, u have 4-8?"

TRAFFICKER responded that there was a 6-year-old girl, and the two negotiate a "show." The defendant inquired about what can be done to the girl in the show and specifically wanted to know if it was possible for the girl's vagina to be penetrated with a finger or toy.

As noted above, the defendant's conversations with the TRAFFICKER continued until at least July 9, 2019, and included exchanges like the one described above.

## NATURE OF ALLEGATIONS

Counts I through IV charge the defendant with attempting to produce child pornography through live streams on four separate occasions. Because the sexual abuse occurred live, there are no known visual depictions of what occurred. However, it is clear from the Skype and PayPal records that: 1) live streams were occurring between the defendant and victims; 2) the defendant's chat messages confirm he is viewing children and directing their sexual abuse; and 3) the defendant provides payment to the adults who provide the children.

For Count I, the defendant corresponded with a user (hereinafter, "Trafficker 2") over Skype on February 9, 2019. The defendant is told that Trafficker 2 is offering a five-year-old child and 10-year-old child, and a price is eventually negotiated. During the live stream, the defendant makes the following requests/statements to Trafficker 2; "yes do fingering," "put finger in straight I can't see like that," "I want see it go inside hehe," and "show me both girls open pussy." The live stream ends, and Trafficker confirms that he/she has received the defendant's payment.

For Count II, the defendant corresponded with Trafficker 2 on August 17, 2019. The defendant is told that Trafficker 2 is offering an 11-year-old child, and a price is eventually negotiated. During the live stream, the defendant makes the following requests/statements to

4

Trafficker 2; "ye shes nice cute girl but I like 3-5 more ehe(sic). Even 1-3 sometimes haha," "how deep u can put finger her?", "finger all inside?", "ok hun this time I do for that girl but try find me younger hehe. Or some girl before but more deep? Hehe." When Trafficker 2 tells the defendant, "its deep now she getting hurt now," the defendant responds, "more deep hun." The live stream ends, and Trafficker 2 confirms that he/she received the defendant's payment.

For Count III, the defendant corresponded with a different user (hereinafter, "Trafficker 3") on October 6, 2018. The defendant is told that Trafficker 3 is offering a one-year-old child. During the live stream, the defendant makes the following requests/statements to Trafficker 3; "and lol what u can do with the 1? Nothing? I think too young for me but can I see? Hehe," "can you open lips more? Hehe," "finger her? Or no?", and "nice hehe." The defendant eventually provides Trafficker 3 with payment on October 16, 2018.

For Count IV, the defendant corresponded with Trafficker 3 on June 23, 2018. The defendant is told that Trafficker 3 is offering a six-year-old child and ten-year-old child, and a price is negotiated. During the live stream, the defendant makes the following requests/statements to Trafficker 3; "can u wake the 6?", "I like her more," "ye…wake her for show? Or let her sleep u can still show her hehe," and "tell the 10 to put finger in the 6yo pussy hehe." The live stream ends, and Trafficker 3 confirms that he/she has received the defendant's payment.

**WEIGHT OF EVIDENCE**

The defendant's Skype account was first created on June 22, 2008, and used the email address "otaku_sanel@sbcglobal.net." HSI issued a subpoena to Yahoo, Inc. and learned that a user created email address otaku_sanel@sbcglobal.net on October 5, 2006, and provided the

5

initials "SS" in the field asking for first and last name. HSI issued a subpoena to PayPal Inc., for all accounts associated with the otaku_sanel@sbcglobal.net email address and learned there are a total of 10 active or inactive accounts which used that email address. Seven of those accounts are in the name of Sanel Smajlovic. Two other accounts are in the name of individuals who appear to be related to the defendant, as they share his last name. The relatives' accounts do not have transaction history within the last five years.

During the transactions associated with Counts I and IV, the traffickers require the defendant's name to finalize their payment. On both occasions, when asked for his name the defendant replies, "sanel smajlovic.

## DEFENDANT'S HISTORY AND CHARACTERISTICS

The defendant has no known criminal history.

## NATURE AND SERIOUSNESS OF DANGER

Although there is a significant delay in time from the criminal activity and the bringing of this Indictment, this case is a part of a larger worldwide investigation. HSI St. Louis did not receive the information until February of 2023. Counts I through IV represent only a fraction of the defendant's sexual exploitation of children. Investigators are still reviewing the defendant's Skype records and have identified conversations with over 700 users. In multiple chats, the defendant instructs traffickers to penetrate the genitals of children, despite being told that it is causing the children discomfort.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ Nathan Chapman

NATHAN CHAPMAN, #60978MO
Assistant United States Attorney
Nathan.chapman@usdoj.gov
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200